# HANRAHAN PACK, LLC
**Counsellors at Law**
80 Grand Avenue, Suite No. 2
River Edge, New Jersey 07661-1914
(201) 525-1011/Telecopier (201) 525-1876

**Thomas B. Hanrahan**
**David J. Pack +**                                                                              +Also Admitted in New York
_____
**Kathy A. Kennedy**

January 31, 2024

<u>Via ECF Only</u>
Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey Newark
Martin Luther King, Jr. Federal Building and Courthouse
50 Walnut Street, 2nd Floor
Newark, New Jersey 07102

      Re:    <u>**Myrlene Laurince v. City of Englewood, et als.**</u>
              **Civil Action No. 2:23-cv-03063 (JXN/MAH)**
              **Our File No. 17-95**

Dear Judge Hammer:

      This office represents Defendants the City of Englewood, the Englewood Police Department, Officer Luana Sharpe and Officer Liangie Fernandez. Rober F. Renaud, Esq. represents Defendant Brian Havlicek and Eric V. Kleiner, Esq. represents Plaintiff Myrlene Laurince. I write this correspondence with the consent of all parties and pursuant to Your Honor's Text Order dated January 24, 2024.

      As we have previously advised, Plaintiff's Amended Complaint is based on a fatal shooting involving police officers that had occurred on September 3, 2022. Attorney General Directive 2019-4 and <u>N.J.S.A.</u> § 52:17B-107 mandate that the Attorney General's Office conduct the investigation of any death that occurs during an encounter with a law enforcement officer acting in the officer's official capacity or while a decedent is in custody. Pursuant to the statute, the Attorney General's Office shall present evidence concerning the incident to a grand jury in order to determine whether the evidence supports an indictment against the officer(s) involved.

      We have been advised that the Attorney General's investigation into the matter at issue in this lawsuit is <u>still</u> ongoing, and that the Attorney General's Office is <u>still</u> in possession of the Englewood Police Department's entire file concerning the incident as part of that Office's investigation. Thus, it is essentially still impossible for the parties to exchange Rule 26 Disclosures and to engage in any discovery while the Attorney General's investigation remains ongoing. Please note, however, that Mr. Kleiner has written to the Attorney General to inquire as to whether any information could be released to the parties prior to the conclusion of the Attorney General's investigation. A copy of Mr. Kleiner's letter is annexed to this correspondence for your easy reference. We will update the Court as soon as

we are made aware that the Attorney General's investigation has concluded and/or if the Englewood Police Department's file is returned and/or if Attorney General's Office has agreed to release any information prior to the conclusion of its investigation.

      Should you have any questions regarding the foregoing or should you need any additional information, please do not hesitate to contact the undersigned. As always, we thank the Court for its attention, courtesy and cooperation.

                                                                 Respectfully submitted,

                                                                 DAVID J. PACK

DJP:jlo
*Enclosure*
cc:    Eric V. Kleiner, Esq. *(via ECF only)*
        Robert F. Renaud, Esq. *(via ECF only)*

*L:\DJP files\CORRESPONDENCE\Placide\letter to Judge Hammer (re update) 1.31.24.docx*

***ERIC V. KLEINER, ESQ.***
***385 SYLVAN AVENUE***
***SUITE #29, SECOND FLOOR***
***ENGLEWOOD CLIFFS, NJ 07632***
***(201) 394-6229***
***fax (845) 353-7828***

*Member of NJ, NY, & DC Bars, NYSD & USCA3D
**New Jersey Bar No. 003951988

**SENT VIA EMAIL**

TO:

OFFICE OF THE ATTORNEY GENERAL, NJ

DEPARTMENT OF LAW AND PUBLIC SAFETY

DIVISION OF CRIMINAL JUSTICE

ATTN: DAG PETER CHOY

January 31, 2023

## RE: SHOOTING DEATH OF BERNARD PLACIDE, 9/3/22

LAURINCE et al [Estate of Bernard Placide] v. CITY OF ENGLEWOOD et al

Fed. Dkt No. 2:23-cv-03063-JXN-MAH

Dear DAG Choy:

    As you know I represent the family of Bernard Placide in his federal wrongful death civil rights civil matter. The attorneys for all parties in the federal civil; matter are due to respond to the court assigned to the matter regarding the status of discovery wherein almost 100% of the discovery needed in that case at the moment is held by the OAG pre-Grand Jury as confidential material. However, I think I speak for all counsel in this matter on all sides that at least some limited discovery can be partially redacted and/or partially released such as additional video recordings, the autopsy, the ballistics evidence, and certain witness interviews of the three officers and the supervisors involved. I believe that any release of the requested materials would be subject to a strict standard Confidentiality Order or even a standard AEO Order due to the status of the criminal investigation. Please let me know what your position is as soon as is practicably possible.

1

Sincerely,



_____

ERIC V. KLEINER, ESQ.

ATTORNEY FOR THE PLACIDE ESTATE AND LAURINCE FAMILY

cc.

    David Pack, Esq. [via email]

    Robert Renaud, Esq. [via email]

2