**ERIC V. KLEINER, ESQ.***
**385 SYLVAN AVENUE**
**SUITE 29, 2ND FLOOR**
**ENGLEWOOD CLIFFS, NJ 07632**
**Tel: (201) 394-6229**

*member NY, NJ & DC Bars, NYSD, CA3DCIR., US Sup. Ct.
*New Jersey Bar No. 003951988*

January 7, 2026

<u>**SENT VIA ECF ONLY**</u>

**HONORABLE MICHAEL A. HAMMER, U.S.M.J.**

**UNITED STATES DISTRICT COURT OF NEW JERSEY**

**MARTIN LUTHER KING, JR. FEDERAL BLDG. AND COURTHOUSE**

**50 WALNUT STREET**

**2ND FLOOR**

**NEWARK, NJ 07102**

<u>**RE: TIMELY STATUS LETTER FROM PLAINTIFF TO EXTEND THE TIME PERIOD FOR AN ADMINISTRATIVE STAY FOR ANOTHER 60 DAYS**</u>

<u>**ORIGINATING FROM ORDER OF 9/17/24 ADMINISTRATIVELY TERMINATING MATTER WITHOUT PREJUDICE [NOT UNDER Fed. Civ. P. 41]**</u>

<u>**MYRLENE LAURINCE V. CITY OF ENGLEWOOD, et al.**</u>

<u>**Civil Action No. 2:23-CV-03063 (JXN/MAH)**</u>

Dear Judge Hammer:

    I hope you are well. Please accept this timely letter from plaintiff's counsel on behalf of all counsel as to all Parties in the case seeking to request that the ending of the administrative stay due to expire on 1/12/26 be extended 60 days for good cause. My understanding is defense counsel is in agreement that the extension should occur.

    The Court indicated the following on 11/3/25 via ecf blast:

1

**TEXT ORDER: The Court has reviewed Plaintiff's counsel's November 1, 2025 request [D.E. 48], in which Defense counsel join, to extend the order of administrative termination until January 12, 2026, in view of Plaintiff's pending OPRA application to secure body camera footage of the incident at issue in this litigation. The Court finds good cause to grant Plaintiff's request. Therefore, this matter will remain administratively terminated until January 12, 2026 or further Order of the Court. On or by January 16, 2026, the parties will submit an updated joint status report concerning the OPRA litigation and that proposes a date for a status conference with the Undersigned. So Ordered by Magistrate Judge Michael A. Hammer on 11/3/2025. (Hammer, Michael)**

The undersigned made multiple timely OPRA requests to various departments within the OAGNJ because its Public Integrity Unit does not have a direct link to receive OPRA requests. Initially, the OAGNJ sought additional time to research the request.

On 12/9/25 the OAG denied our OPRA request [see attached to this letter the OAG denial] citing the fact that we have pending litigation. The undersigned will be appealing that decision shortly as we have 45 days to take the appeal to the superior court, law division, and on behalf of our plaintiff because that denial possibly is not viable due to recent N.J. Supreme Court case law as cited in our earlier status letters to this Court.

I would state two interesting aspects of the OAG denial that are noteworthy. First, the OAG erroneously stated that the OPRA request made did not identify that the videos sought would be used in litigation. Your Honor can see in the attachment this is false as our original request is pasted into the OAG denial and clearly reveals that the OPRA request made clear the matter was in litigation. Moreover, it is interesting that the OAG did not expressly state that the request was denied because there is an ongoing OAG IA investigation.

We are now almost 3.5 years removed from the shooting death of Bernard Placide which took place on 9/2/22. On 4/22/24 The state Grand Jury no billed the matter. We are now almost two years into an alleged IA matter which customarily under NJ law calls for that IA matter to have been adjudicated by the summer of 2024. Given that the OPRA request can only at best get plaintiff access to body cams not the voluminous IA files and radio transmissions, etc., the undersigned alerts this Court that at or around the two year post Grand Jury No bill period, **the plaintiff** will be seeking an opportunity to end this discovery quagmire and seek by

motion or federal judicv8asl intervention a process that will compel the new OAGNJ leadership to provide all the IA evidence under a Protective Order in order to preserve what ultimately will probably the only avenue available to seek justice in this wrongful death matter.

Given the foregoing, my understanding is that the defense is in agreement with the undersigned that a discovery plan cannot be put in place due to the OAGNJ refusing to provide the core discovery to the case, and as such, a new 60 day administrative extension should be put in place. It is also my understanding that the defense does **not** join in with any attempts plaintiff is making through OPRA to gain body cams at the present time, and it is further my understanding the defense would oppose any motion by the plaintiff to compel the OAGNJ in federal court to provide IA discovery under a Protective Order prior to the OAG's IA investigation/litigation being completed.

If the Court wishes to set up a conference call or appearance in court, it is my understanding that all counsel will adhere to a status conference being held and will await orders and direction from your Honor as to that issue.

Respectfully submitted;

_____
ERIC V. KLEINER, ESQ.
ATTORNEY FOR THE PLAINTIFF
DATED: 1-6-26

    cc.   David Pack, Esq. [via ecf and email]
             Robert Renaud, Esq. [via ecf and email]

December 09, 2025  02:14 PM

State of New Jersey
Government Records Request
Receipt

Page: 1 of 2

### Requestor Information

Eric V Kleiner

385 Sylvan Ave. Suite #29
2nd Floor
Englewood Cliffs, NJ 07632
erickleiner@verizon.net
201-394-6229

Request Date:  October 27, 2025
Maximum Authorized Cost:     $.00
US Mail



### Status of Your Request

Your request for government records (# C242880) from the Division of Criminal Justice has been reviewed and has been Denied Closed. Detailed information as to the availability of the documents you requested appear below and on following pages as necessary.

The cost and any balance due for this request is shown to the right. Any balance due must be paid in full prior to the release / mailing of the documents.

If you have any questions related to the disposition of this request please contact the Custodian of Records for the Division of Criminal Justice. The contact information is in the column to the right. Please reference your request number in any contact or correspondence.

### Document Detail

| Div | Doc # | Doc Name | Redaction Req | Pages | Legal Size | Electronic Media | Other Cost |
|---|---|---|---|---|---|---|---|
| CJ | 0001 | Body worn camera footage in the fatal police encounter matter involving decedent Bernard Placide. | N | | N | N | |
| | | Denial: 04.Exception by State Statute (specify) --- N.J.S.A. 47:1A-5(g) | | | | | |

December 09, 2025  02:14 PM

State of New Jersey
Government Records Request
Receipt

Page: 2 of 2

Dear Requestor,

The Office of Public Integrity and Accountability is in receipt of your OPRA request. Please be advised that although you represented in your OPRA request that you are not seeking these records in connection with litigation, we are aware that you represent the plaintiff in Laurince v. Englewood Police Department, et al., 2:23-cv-03063-JXN-MAH, in which discovery is currently ongoing and a subpoena had been issued to this Office as part of those proceedings. Because your OPRA request broadly seeks records encompassed by your discovery demands in the foregoing legal proceedings, please be advised it is denied. N.J.S.A. 47:1A-5(g) ("a party to a legal proceeding may not request a government record if the record sought is the subject of a court order, including a pending discovery request, and a custodian shall not be required to complete such a request."). Your request is hereby denied and closed.

The Office reserves the right to claim additional grounds for denial not raised in this response.

Your request for government records (# C242880) is as follows:

The purpose that body worn cameras [BWC] are requested is in the federal civil rights litigation alleging police brutality, racism and torture in
violation of U.S.C.A. Sec. 1983, NJCRA and under the common law wrongful death statute. I am the plaintiff's attorney in Myrlene Laurince v.
City of Englewood, et al., Civ. Action # 2:23-CV-03063 (JKN/MAH). This request is for all Englewood Police [EPD] body worn camera footage
[video and audio] depicting decedent Bernard Placide on the morning of 9/3/22 [son of Myrlene Laurince-the executor of his Estate] at his home
at 258 West Englewood Avenue, Englewood, NJ. The Body cams [BWCs] requested depict Bernard Placide being tasered by defendant EPD
Officer Brian Havlicek while partially naked to a maximum force causing Bernard Placide to fall to his bedroom floor laying in a prone position in an electrocuted state while defendant Officer Luana Sharpe shot Bernard at close range in act of police brutality. The BWCs depict Sharpe
fleeing the scene in an act of consciousness of guilt, which added to the delay in getting shooting victim Bernard Placide life saving medical
attention. The hospital and EMS records reveal that Placide when found by EMS after a long delay of giving EMS access to Bernard Placide
that EMS immediately had the EPD remove the handcuffs as Bernard was handcuffed behind his back writhing in agonal breathing as EMS
could not attempt life saving applications with Bernard handcuffed behind his back for no legal reason except to torture him to death. The delays
in that process and in the transport to the hospital robbed Bernard of any chance to survive. This was an act of torture in violation of state
and federal civil rights laws and in violation of the 8th Amendment to U.S. Constitution. The public has a right to this information as does Myrlene Laurince, the Executor of the Bernard Placide Estate, who stands in the shoes of Bernard. To date the officers involved in the shooting remain on active duty and have not been disciplined as any investigation internally has remained dormant since the spring of 2024 to date. The only BWCs requested depict Bernard Placide and their release is supported by Antonio Fuster v. Twp. Of Chatham, et al., NJ. Supreme Ct., [A-33-23 (1/1/25) and under common law waiver [OAG has posted some BWCs of this shooting publicly and under the common law right to know laws.